Hekuran **PISHTARI;** Ilirjana Pishtari; Xhoi Pishtari, Petitioners,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

Hekuran Pishtari; Ilirjana Pishtari; Xhoi Pishtari, Petitioners,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 04–73057, 04–74714.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2008.\*

Filed Feb. 19, 2008.

---

\* The panel unanimously finds this case suitable for submission without oral argument. Fed.

R.App. P. 34(a)(2).

Christopher J. Stender, Esq., Phoenix, AZ, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Thomas K. Ragland, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, D. Gerald Wilhelm, Esq., USMI–Office of the U.S. Attorney, Minneapolis, MN, for Respondent.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Hekuran, Ilirjana, and Xhoi Pishtari, natives and citizens of Albania, appeal a final order of the Board of Immigration ("BIA") dismissing their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Hekuran Pishtari argues that past persecution suffered at the hands of the Albanian government, and threats he received while working in London, should provide the basis for relief. We address both claims, and deny the Pishtaris' petition.

■ An alien who has established past persecution is presumed to have a well-founded fear of future persecution, but that presumption may be rebutted by evidence of changed circumstances, such as when the persecuting government is no longer in power. *See* 8 C.F.R. § 208.13(b)(1)(i); *Matter of Chen*, 20 I. &

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

N. Dec. 16, 18 (BIA 1989). Here, Pishtari was persecuted by the government because of his work for the Socialist Party, which has since risen to power in Albania. The IJ properly held that this represents a fundamental change in country conditions, which indicates Pishtari no longer has a well-founded fear of persecution.

For an alien to demonstrate eligibility for asylum or withholding of removal, he or she must have a well-founded fear of persecution on account of an enumerated ground: race, religion, nationality, membership in a particular social group, or political opinion. *INS v. Elias–Zacarias,* 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(a); 8 C.F.R. § 1208.16(b). Pishtari testified that after the Socialists rose to power, he was threatened and assaulted in London. However, these events were not related to his political opinion or any other protected ground; they stemmed from his refusal to make deliveries for a drug dealer. While in London, Pishtari also received a request from an Albanian government minister to monitor the Albanian ambassador's movements. However, Pishtari did not demonstrate that the request, which he denied, came with any threat that would justify a well-founded fear of persecution. In addition, neither the request nor Pishtari's refusal was on account of his political opinion. The IJ thus properly concluded that the nexus between Pishtari's political opinions and any threats he received in London was insufficient to support the Pishtaris' application for asylum, withholding of removal.

We also affirm the denial of CAT relief, because petitioner has not established that it is more likely than not he will be tortured if removed to Albania. *See Nuru v. Gonzales,* 404 F.3d 1207, 1217–19 (9th Cir. 2005).

**PETITION DENIED.**